## THIRD DEPARTMENT, NOVEMBER, 1920.

Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ROSALIA LOMASCOLO, Respondent, for Compensation under the Workmen's Compensation Law for the Death of GUISEPPE LOMASCOLO, v. WALTER RYAN, Employer, and the NEW AMSTERDAM CASUALTY COMPANY, Insurance Carrier, Appellants.

*Workmen's Compensation Law — personal injuries — disease.*

Appeal from an award of the State Industrial Commission made January 12, 1920, and entered in the office of said Commission.

Award affirmed.   All concur, except Woodward, J., dissenting with an opinion.

WOODWARD, J. (dissenting):   The learned Deputy Attorney-General says in his brief that "while the weight of medical opinion seems to be adverse to the claim of death from injuries received by the deceased workman, the Commission adopted the opinion of Dr. Lewy, the chief medical examiner, that the injuries were the contributing cause," and upon this foundation this award rests.   It is impossible to read this record without arriving at the conclusion that the claimant's intestate died from the results of syphilis contracted years before this accident.   There is absolutely no evidence whatever to connect the syphilitic infection, the conceded cause of death, with the two accidents which appear to have been combined for the purpose of reaching a general result.   The first accident was a fall from a scaffolding, resulting in no breaking of the skin, so far as appears, and the intestate had been at work for a considerable time, when, as he described it, he was lifting bags of sand and lost his balance, and wrenched his back.   But there is nothing to show that there was any contusion; that there was any oppor-

tunity for an infection growing out of this accident. He simply had syphilis and was injured, but the disease did not " naturally and unavoidably result therefrom." (Workmen's Compensation Law, § 3, subd. 7.)* The opinion of Dr. Lewy that these injuries " contributed to bring about the condition resulting in the general paralysis," which we find only in the opinion of one of the Commissioners, does not satisfy the requirements of the definition of personal injuries as above quoted from the statute. The adequate cause of death is to be found in the disease; the claimant's intestate concededly was infected with syphilis — that was the undoubted cause of his death — and there is no evidence to connect this infection with either of the accidents which befell him. Assuming the most that can possibly be inferred from the evidence, the accident merely contributed to the hastening of the death of the intestate; it did not produce the death. No one claims that the slight injury was the proximate cause of death; that it could have resulted in the death of one who was not already far advanced in the disease which resulted in general paralysis. The testimony of the family physician that he does not believe in the Wasserman test, because the patient failed to respond to treatments, cannot be dignified into evidence of a causal relation between the accidents and the death of the intestate. The whole theory of the Workmen's Compensation Law is that it makes a special dispensation for those employed in hazardous occupations. It does not attempt to compensate for occupational † or other diseases; its whole purpose is to deal with personal injuries, which " mean *only* accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom " (§ 3, subd. 7), and this, of course, excludes pre-existing syphilis or other disease. It is the injury produced by accidental means that is to be compensated. The intestate might have been entitled to some compensation for the second injury; he had already been compensated for the first. But he could only have been compensated for the actual injury, not for the death. Whatever disease or infection " naturally and unavoidably " resulted from the injury was a proper charge against the industry under the theory of the statute; but because some sophistical physician can be found to suggest that the accident, trivial in itself, had an activating influence upon the already existing disease does not bring the case within the letter or the spirit of the statute; it has no relation to the hazards of the occupation and was not cause of death. It is clear that the accident had no relation whatever to the death. No one dares to contend that it was the proximate cause of death; the most that is suggested is that it " contributed to bring about the condition resulting in the general paralysis," and this is so clearly without the provisions of the statute that it ought not to receive the approbation of this court. The award should be reversed and the case dismissed.

* Amd. by Laws of 1917, chap. 705.— [REP.

† See Laws of 1920, chap. 538, adding to Workmen's Compensation Law, art. 2-A, which is not retroactive. (See Laws of 1920, chap. 538, § 2.) — [REP.